HUFF v. CAMPBELL.

1. In declaring on a covenant with a condition, if the action accrues on an event exclusively or mainly within the knowledge of the plaintiff, he must aver and prove notice. But if the defendant has an opportunity of knowing the fact, no notice of performance of the condition is necessary.
2. The authentication by "one of the Judges of the Supreme Court of errors and appeals of Tennessee," is sufficient, the law appointing no Chief Justice or presiding magistrate of that Court
3. Such peculiarity of that Court may be shewn by the laws of Tennessee, or *semble* by the certificate of the Judge.

THIS was a writ of error sued by Samuel Huff, to reverse a judgement rendered against him in the Circuit Court of Jackson county, at the April term, 1827, in favor of William H. Campbell.

The action was covenant, and was brought on a sealed obligation made by Philip Huff and Samuel Huff, to the plaintiff, a practising attorney, in the following language: "For value received, I will pay W. H. Campbell, or order, the sum of one hundred dollars, provided said Campbell gets Philip Huff clear of a charge of perjury, which is now against said Huff, in the Supreme Court of Errors and Appeals, at Sparta, Tennessee, to be paid when said suit is gained; witness our hands and seals, &c." The declaration averred a performance of the condition; but there was no averment that notice was given to Samuel Huff, of the acquittal of Philip Huff.

On the trial, the plaintiff offered in evidence a transcript of a record from the State of Tennessee, to prove the acquittal of Philip Huff; which was authenticated by the certificate of John Catron, who styled himself to be "one of the Judges of the Supreme Court of Errors and Appeals, for the State of Tennessee;" and who certified that the clerk was "clerk of the Supreme Court of Errors and Appeals, for the third judicial circuit of said State," &c. To the introduction of this transcript, the defendant objected, on the ground that it was not sufficiently authenticated. The Court overruled the objection, and suffered it to be read.

It was here assigned for error, among other things, 1st, That the declaration contained no cause of action; and, 2nd, That the transcript should have been excluded.

CLAY and M'CLUNG, for the plaintiff in error, cited on the first point: 1 Ch. Pl. 319, 20, 21; 10 Mass. R. 238; 5 Term R. 621–4; Comyn's Dig. title pleader, 73–4–5. And on the second point, Ingersoll's Abr. 298.

SHORTRIDGE, ELLIS and HOPKINS, for the defendant, cited Laws of Tennessee vol. 1. p. 1155–6; Vol. 2. p. 211; American precedents 98, 99, 100.

## By JUDGE WHITE.

THE first assignment of error is, that the declaration is defective in not containing the averment of notice. It is admitted, that had the suit been against Philip, that as he must have known when he himself was acquitted, no such averment would have been necessary; but that with respect to Samuel Huff, the security, it is otherwise. I cannot well perceive, how these two men, bound in the same manner, in the same instrument, to pay a sum of money on the same contingency, should be subjected to different liabilities. The true rule seems to be this, that when an action accrues upon an event, resting exclusively or mainly within the knowledge of the plaintiff, he is required to aver and prove notice; but when the defendant may know, or has an opportunity of knowing, that the contingency has taken place upon which he is made liable, he is bound to notice it, and the right of action exists immediately without notice given by the plaintiff. In this case, the performance of the condition on the part of Campbell, was in its nature public, a matter of record, and accessible to

both the covenantors; they therefore could, and should have noticed it. The first assignment of error cannot, therefore, be sustained.

The reading of the transcript from Tennessee was objected to, on the ground that the Judge certifying stated that he was one of the Judges of said Court, instead of stating that he was the presiding Judge or Chief Justice. The words of the act of Congress of May 26th, 1790, directing the mode of making such certificates, are these: that they shall be made by the Judge, Chief Justice or presiding magistrate, as the case may be. Here it is manifest that the certificate before us does not come strictly within the letter of the statute, but it is also clear, that the act in its phraseology, had an eye to the different organization of the different Courts referred to; it would however be unreasonable to suppose that its letter should be broad enough to embrace them all   Unless then, we look at its intention, and construe it by its spirit, it might often happen, (as indeed it would in this very case,) that the beneficial provisions of this statute would be inoperative. Here we ascertain from the statutes of Tennessee, that there is no Chief Justice or presiding Judge of the Court of Appeals there.   In such a case, if all the Judges were to certify, the Chief Justice or presiding Judge would not be included, because there is no such officer.   The *letter of the act* would not then be complied with, and consequently, no transcript of a record from that Court would be recognized as evidence in this or any other State, if this strict construction prevails.   As to the mere fact of shewing that the certificate of the clerk is in form, &c. that must be known, and therefore could be certified as well by one member of a Court as another; and no reason can be assigned why it should not be so, but that the statute does not permit it in so many words.   It has been held, that where a justice of the peace holds a court of record without a clerk, his certificate of the fact, that he himself is clerk, presiding magistrate, &c. will be sufficient.   This case, though not strictly analogous, shews that the letter of this statute, should yield to its spirit, so far as to accommodate its provisions to the modification of the different courts of the States; and indeed, that this is its true intention.   Again, the act of Congress is remedial in its character, and should be extended by construction, to the full limits of its own beneficial purposes.

69

<div style="float:left">JULY 1828.</div>

Huff
v.
Campbell.

The only question that can exist, is not so much whether a Court organized as the Supreme Court of Tennessee seems to be, should be permitted to certify its records efficiently under the act of Congress, as how that peculiarity of organization should appear; whether by the certificate itself, or by a recourse to the statute of the State. I think the former the better method, but that it does not necessarily exclude the latter.

It has been said in argument, that a presiding officer is almost indispensable to every Court, and therefore, that though the statute may not authorize it, yet that the course of business requires it. This, if admitted, would apply only to the sessions of the Court; for that which is created by necessity will cease with the necessity which created it; and hence, in vacation, there would be no officer empowered by the letter of the statute to certify, and the inconvenience before mentioned would result. We are then of opinion, that this assignment of error is badly taken, and as no others than those noticed were relied on, the judgement must be affirmed.

JUDGE SAFFOLD not sitting.