EASTERN DIST.
February, 1840.

WHITTEMORE
vs.
LEAKE & HOWELL

=====

### WHITTEMORE *vs.* LEAKE & HOWELL.

APPEAL FROM THE COURT OF THE THIRD DISTRICT FOR THE PARISH OF WEST FELICIANA, THE JUDGE THEREOF PRESIDING.

A *certified copy* of the notarial protest, and certificate of notice to the endorsers, &c., is sufficient evidence of the protest and notice to the endorser.

Where the endorser lived seven or eight miles from town, notice of protest put in the post-office, addressed to him as of that parish and town, being the place where he received his letters, was held sufficient service of notice.

This is an action against the endorsers of a promissory note.

The defendants pleaded the general issue ; and averred, that there was no legal demand and protest ; and denied that they were legally notified as endorsers. They further pleaded the want of an amicable demand.

On the trial, a duly certified copy of the protest and certificate of notice to the endorsers was offered in evidence, which was objected to by the counsel for the defendant on the ground that the originals should be produced or accounted for, as the best evidence. The court overruled the objection, admitted the evidence, and the defendant took his bill of exceptions.

The evidence showed that the defendants resided in the parish of West Feliciana, about seven or eight miles from St. Francisville, at which place they received their letters and papers, being the nearest post-office. The certificate of the notary states, that he deposited notices on the day of the protest, addressed to the endorsers in West Feliciana, St. Francisville, in the post-office at the latter place. The defendant's counsel contended that this was insufficient ; that they should have had personal notice.

There was judgment for the plaintiff, and the defendants appealed.

*Boyle*, for the plaintiff, urged the affirmance of the judgment, with damages and costs.

*Turner*, for the defendants, relied upon the following points for a reversal of the judgment :

1. The court erred in receiving the copy of the protest, and copy of certificate of notice, in evidence.

2. The testimony, if received, does not show that the defendants are liable, because it does not prove that they were duly and legally notified of the protest and dishonor of the note endorsed by them.

3. It is insisted there is no proof of legal notice to the endorsers. Notices were put in the post-office at St. Francisville, directed to them in West Feliciana, St. Francisville, when it is shown they live seven or eight miles from that

EASTERN DIST. town.   Notice should have been given or sent to them
February, 1840. personally, or left at their domicil.  *Baily on Bills,* 171–2,
——————
WHITTEMORE  17 ;  *Chitty on Bills,* 282, 395, 396 ;  5 *Martin, N. S.,* 66,
*vs.*
LEAKE & HOWELL  359–60.

*Bullard, J.,* delivered the opinion of the court.

The defendants being sued as endorsers of a promissory note, rely upon the want of a regular protest, and due notice to them.

In the progress of the trial, the plaintiff offered in evidence a document purporting to be a copy of a notarial protest and certificate of notice.  Its introduction was opposed on the ground that the original ought to be produced or accounted for ;  and that the copy of the certificate did not appear to have been recorded by the notary, nor to have been signed by two witnesses.   These objections were over-ruled, the protest admitted, and the defendant took his bill of exceptions.  It is the opinion of this court, that the judge did not err.   The act of 1827, concerning protests and notices to drawers and endorsers, authorizes notaries to add a certificate to their protests, stating the manner in which any notices of protest to drawers and endorsers were served or forwarded, and it provides that " whenever they shall have done so, *a certified copy* of such protest and certificate shall be evidence of all matters therein stated."

*A certified copy of the notarial protest, and certificate of notice to the endorsers, &c., is sufficient evidence of the protest and notice to the endorser.*

The certificate of service appears to have been attested by two witnesses.   Their names appear in the copy, and we are to presume that they signed the original.   It is, there-fore, not important to inquire whether the act of 1827 repealed that of 1821, in this particular.  *See* 1 *Moreau's Digest,* 96.

*Where the endorser lived seven or eight miles from town, notice of protest put in the post-office, addressed to him as of that parish and town, being the place where he receiv-*

But it is contended, that the notices given in this case, as it appears by the certificate, are not such as the law requires to bind the endorsers.   The proof is that the notices were put into the post-office at St. Francisville, directed to them as of West Feliciana, St. Francisville ; that they lived at between seven and eight miles from town ; that they were in the habit of getting their letters there, and that there is no

post-office nearer to their residence. This appears to us sufficient notice, under the second section of the act of 1827, which provides that when the party to be notified does not reside in the town or city where the protest shall be made, then it shall be the duty of the notary to put into the nearest post-office, a notice of such protest to such drawer, acceptor, and endorsers, or others, addressed to them at their domicil, or usual place of residence. *Ibid.*

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.