KYLE v. EVANS, *et als.*

1. The issuance of an execution, is an act purely ministerial, and may therefore be delegated.
2. A justice of the peace, in the issuance of an execution, acts ministerially and not judicially, and may, therefore, delegate that power to another: and it is not necessary that such delegation should be in writing.

Error to the Circuit Court of Pike.

THE proceeding in this and forty-two other cases, which by agreement, are to abide the event of this, were motions before Jefferson Buford, a justice of the peace for Pike county, for failing to return executions received by him. The justice having rendered judgments against the constable and his sureties, they prosecuted appeals to the Circuit Court of Pike, and the parties having submitted the cause to a jury, a verdict and judgment was rendered against the constable and his sureties, from which this writ of error is prosecuted.

From a bill of exceptions it appears, that it was proven by the plaintiffs that the executions in all the cases were duly issued and delivered to the constable, as set forth in the notice, and were not returned according to law. It was admitted by the plaintiffs, that all the executions were issued by one Richard Johnson, in the name of Buford, the justice who rendered the judgments; that at the time of issuing the executions, Johnson was not an acting justice of the peace, but that Buford was, and rendered the judgments; that Buford, by parol, authorised Johnson to issue executions in all cases in which he rendered judgments, and that by virtue of that authority, these executions were issued.

The defendants, by their counsel, then moved the Court to charge the jury, that the executions having been issued by Johnson, who was not at the time an acting justice of the peace, were nullities, although Johnson was authorised to issue the same, in the name of the justice; that the justice could not delegate that authority to any other; and that the justice himself was alone authorised to issue executions. These instructions

the Court refused to give; to which refusal the defendants excepted, and now assign for error, the refusal to charge as moved for.

HOPKINS, for plaintiff in error, argued, that the executions not having been issued by the justice who rendered them, were nullities, and would not have afforded him any protection, if he had executed them, and therefore he had a right to disregard them. He also insisted that the justice of the peace could not delegate his authority to another, at least by parol. In support of these positions, he cited 10 Johns. 416; 1 Wendell, 213; 5 ib. 276, 1 Cowen, 212; 9, ib. 61; 3 Cranch, 331; 1 Peters, 340.

HARRIS, contra, maintained that the issuance of an execution was a mere ministerial act, and that an authority by parol, was sufficient. He cited Minor's Rep. 48; 2 Ala. Rep. 68; ib. 74; 4 Term Rep. 313; Story on Agency, 52.

ORMOND, J.—The amount in controversy, as well as the principle which must govern it, and the frequency of the occurrence of the question, gives to this case considerable importance.

Judicial power must be exercised by the person in whom the trust is reposed, but acts merely ministerial in their character, may be performed by deputy. It becomes necessary, therefore, to consider in what capacity a justice of the peace acts in issuing an execution. The issuance of an execution upon a judgment, is an act purely ministerial in its character, it involves no process of reasoning or deduction from other facts, but is merely the legal consequence of the judgment previously rendered; and therefore this duty is performed by the clerk, when there is one attached to the Court. A justice of the peace has no clerk, but this does not alter the character of the act: he is both judge and clerk of his own Court. Bissell v. Edwards, 5 Day's Rep. 368; Huff v. Campbell, 1 Stewart, 543. The act of the justice in the issuance of an execution, being an act purely ministerial in its character, may be delegated to another, and will be the act of the justice. Here it is shown, that Johnson, who issued the executions, was authorised by the justice to do so: it was therefore the act of the justice. In the

cases cited from 2 Ala. Reports, 68 and 74, we held that an execution from a Court. of record, was regular, though issued by one who was not a deputy of the clerk, if authorised by him, and if issued by one not authorised, the adoption of it afterwards by him, would make it regular. As there is no difference in the character of the act when performed by the clerk of a Court of Record, or by a justice of the peace, the authority of these cases seem full to the point.

It is urged, that an execution must issue under the seal of the justice, and that the authority to affix a seal, must be by deed. The law referred to is, " that all warrants or *other precepts* issued by a justice of the peace, shall be under the hand and seal of such justice." Aik. Dig. 292. It has never been held that this law applied to executions, but in those cases to which it does apply, it has been considered so far as relates to the seal, directory merely, and that the want of a seal cannot be taken advantage of. Scott v. Rushman, 1 Cowen, 212.

The case cited by the counsel for the plaintiff in error, from 1 Wendell, 213, and 1 Peters, 340, merely establish the well known proposition, that where the Court has no jurisdiction to render the judgment, that its process will not protect the officer. In Toof v. Bentley & Harris, 5 Wendell, 276, the execution was made returnable in sixty, instead of ninety days, as the law required ; and the Court held, that as there was no authority to issue such an execution, it would afford no protection to the officer. It is obvious that the case cited has no application to this.

The case most relied on as an authority for the plaintiff in error is, Pence v. Hubbard, 10 Johns. 416. The facts were, that a constable, in an action of trespass against him, justified under two executions issued by a justice of the peace, the dates of which had been altered by the constable after they came to his hands ; the justice testifying that he might have authorized the constable to do it, as he frequently gave constables permission to alter the dates of executions. The Court held, that if the alteration in the process in that particular case, had been made by the authority of the justice, it would not be thereby invalidated, but that a general authority to a constable to fill up or alter process, would be void, and highly improper. This case then, shows that a justice of the peace may authorise an-

other to issue executions in his name; that he may direct or authorise a *constable* to do so in a particular case, but that a *general* authority to a constable to fill up or alter executions, would be improper.

The ground of this decision appears to be the impolicy of permitting the constable, the executive officer of the justice, to alter executions issued by the justice, by virtue of a general power. That such a power in the constable would be liable to great abuse, may well be conceived, but we cannot perceive that the admission of this, at all militates against the proposition here maintained, that the justice may delegate the power of issuing executions to one against whom no such objection exists; and that if such authority is proved, an execution so issued, will be as valid as if issued by the justice personally.

We are of opinion that the Court did not err in refusing the charge asked for, and its judgment is therefore affirmed.