## WAKEFIELD v. IVES.

Divorce: CUSTODY OF CHILDREN: EFFECT OF FOREIGN DECREE. Where a decree of divorce of a court of general jurisdiction in another State is regularly rendered, though on service by publication, giving the custody of a minor child to the applicant, such decree will be regarded as binding and conclusive upon the parties, until reversed, modified, or set aside for cause shown to the jurisdiction.

*On Habeas Corpus.*

FRIDAY, OCTOBER 25.

THIS proceeding was originally brought before Hon. S. Bagg, circuit judge in the ninth district. On the hearing, the writ was dismissed and the defendant discharged. The plaintiff appealed to the supreme court; and on motion

the appeal was dismissed, for want of jurisdiction. See reasons *In re Curley*, 34 Iowa, 184. The plaintiff then applied to the supreme court for the writ of *habeas corpus*, and thereupon the parties agreed that the entire case should be heard, upon the facts shown in the abstract of the record in the appeal case. They are set forth in the opinion.

*Boies, Allen & Couch* and *Wm. E. Leffingwell* for the plaintiff.

*Ordway & Husted* for the defendant.

COLE, J. — The application or petition for the writ was made in the name of Alice M. Ives, but was procured at the instance of and verified by Mary Wakefield, as her mother and guardian. The application states that the said Alice M. Ives is an infant of the age of seven years; the application being made on the 14th day of October, 1871. This fact is not controverted. It also further appears from the allegations, not denied, and the evidence, that the defendant, Edward L. Ives, and the said Mary Wakefield, were married in October, 1861, in the State of Minnesota; that they lived together therein as husband and wife until August, 1866; and that the said Alice M. Ives was the legitimate issue of the marriage.

It also appears that in January, 1869, the said Mary Wakefield Ives brought her action for divorce on the ground of intemperance, adultery and cruel treatment, against the said Edward L. Ives, in the district court for Hennepin county, Minnesota, where the said Mary Wakefield Ives then resided. A summons was issued against the defendant in that action, and was returned June 6, 1869, by the sheriff of the county, that the defendant could not be found therein. An affidavit was then filed that the defendant was not a resident of the State of Minnesota and could not be found therein, and that his resi-

dence was unknown to plaintiff. Thereupon an order for service by publication was made by the judge of said court in due form, and the publication of said notice for six weeks as directed by the statute and such order, and the proof thereof, were also made. A default against said defendant was entered; the cause was sent to a referee to take the testimony, and report the same to the court for adjudication; and upon the testimony so reported the court rendered a decree. This decree was rendered September 10, 1869, and after reciting that the defendant had made default, and that it appeared from the testimony taken and reported by the referee that the facts alleged in the complaint were true, it decreed a divorce to the plaintiff, and also adjudged, decreed and awarded the care and custody of Alice M. Ives to the plaintiff, Mary Wakefield Ives; and adjudged also that the true and lawful name of the plaintiff thereafter should be Mary Wakefield. It was also shown by the testimony of the defendant that the said Alice M. Ives was born in the State of Minnesota, and was living therein at the date of the decree and always from her birth until after the close of the year 1869.

There is nothing in the record or case before us, showing how or when the defendant obtained the custody of the child, Alice M. Ives, or when she was brought within the State of Iowa. The district court of Minnesota, by which the decree was pronounced, is a court of general original jurisdiction, and was by statute expressly clothed with power and authority to grant the divorce, and to make the order respecting the care and custody of the child. She was within the jurisdiction of the court at the time the decree was rendered. So far as we are able to determine, that decree was regularly obtained and still remains in full force and binding upon the parties to it. Full faith and credit should be given to it in this State, as in that. In the absence of any showing as to how, or to whom, or for what purpose, the infant was brought into

this State, or respecting the length of time she has been here, we hold that the decree is binding and conclusive upon the parties until it is modified, reversed, or set aside for cause shown to the jurisdiction which rendered it. This being so, the mother is entitled to the custody of the child, Alice M. Ives.

Ordered accordingly.