## JENNINGS v. JENNINGS.

1. **Practice:** FINDING OF FACTS.  A finding of facts may be made by the court on its own motion, and when so made has the same force and effect as though made at the request of the parties.

2. **Divorce:** CUSTODY OF CHILD: RES ADJUDICATA.  Where the decree in an action for divorce awards the custody of a child to one parent it cannot be transferred to the other in a collateral action, but only by a change in the decree, obtained by direct proceedings for that purpose.

*Appeal from Davis District Court.*

MONDAY, JUNE 13.

A WRIT of *habeas corpus* was sued out by the plaintiff, a minor, at the instance of Julia Jennings, his mother, to test the question whether he was illegally restrained by the defendant, his father.  The court adjudged the said Julia was entitled to the custody, and so awarded.  The defendant appeals.

*Trimble, Carruthers & Trimble*, for appellant.

*Traverse, Payne & Eichelberger*, for appellee.

Seevers, J.—Julia Jennings and the defendant were divorced by the District Court of Lee county, in February, 1873. The plaintiff is their child, and was then about eleven months old; and the Lee District Court, at the time the decree of divorce was rendered, further decreed the said Julia should have the care and custody of the plaintiff. Since the plaintiff was about eighteen months old, the defendant has had the custody of the plaintiff, and, upon demand being made, the defendant refused to surrender the plaintiff to the said Julia.

The defendant made return to the writ in form of an answer to the petition upon which it was based. He admitted the divorce, but failed to controvert the fact that the custody of the plaintiff had been awarded to the said Julia by the said District Court, and pleaded that the said Julia had given the defendant the care and custody of said child, in 1874, and had then and thereby waived and surrendered all her rights under the decree; that said Julia was not so situated that she could properly take care of said child, and that his best interests required he should remain with the defendant.

The District Court made a special finding of facts; the material portion thereof, in substance, in addition to what has been stated, are as follows:

"2.   That the District Court of Lee county decreed, at the time the divorce was granted, that the said Julia should have 'the custody and control' of the plaintiff.

"6.   *      *      *      That the said Julia, when the plaintiff was about eighteen months old, requested the defendant to take the child and provide for him.

"8.   That during said time his mother has frequently visited him, brought him presents, and has not lost her affection for him.

"9.   That the said Julia is now as well able to take care of the said Augustus as she was when the decree was granted; that she earns considerable money by her occupation, is of good moral character, and, to all appearances, a worthy woman.

"10. That the defendant appears to be in all respects a worthy man; is a physician by profession, and well able to take care of the said Augustus. I take pleasure in speaking of the fairness and candor with which the said Thomas and Julia testified in this case. I could see nothing in either except an earnest desire to speak the truth as they understood it.

"11. I find that when the said Julia left the said Augustus with the defendant nothing was said in regard to the length of time he should remain with his father; that the defendant supposed that he was to remain with the defendant, and that said Julia had waived all right to him under the decree. But I find also that the said Julia did not so intend.

"14. That she has not waived or surrendered said right to the defendant.    *    *    *    *    *    *    * "

I. The evidence as to some of the facts found was conflicting. Especially is this so as to the pivotal question whether the said Julia waived or surrendered the right to the custody of the plaintiff, by the decree of the Lee District Court. The evidence on this point consisted of the statements of the defendant and the said Julia, and, to put it strongly for the defendant, it may be said to have been in direct conflict. This being an action by ordinary proceedings, or at law, the finding has the force and effect of a verdict of a jury, and this court is bound thereby. *Shaw v. Natchwey*, 43 Iowa, 653; *Drumb v. Keen*, 47 Id., 435.

Counsel for appellant insist we are not bound by the finding, because the court was not requested by either party to

1. PRACTICE: make it, as provided in Code, § 2743. We, how-
finding of
facts.          ever, think the court may do this on its own motion, and the effect is the same as if it had been done àt the request of the parties, or one of them. Of necessity, the court must find the facts before the law can be declared, and it is immaterial whether the facts as thus found are set out in the record or not. As a matter of practice we think the bet-

Jennings v. Jennings.

ter course is for the court in all cases to set out the facts found in the record.

II. The decree of the Lee District Court gave the said Julia the custody of the plaintiff. She has never waived or surrendered such right, and is as well able to take care of, and as much entitled to the custody of, the plaintiff as when it was rendered. There is no escape from this conclusion under the facts found.

The result follows that the defendant seeks to supersede the decree in a collateral proceeding on the single claimed **2. DIVORCE:** ground, to state it strongly for- the defandant, **custody of** that the welfare of the plaintiff requires the de- **child: res ad-** **judicata.** fendant should have his care and custody. This, we think, cannot be done without overturning well established rules that have been frequently declared by all courts, without, it may be said, an exception. As applicable to this class of cases, see *Williams v. Williams*, 13 Md., 523; *Wakefield v. Ives*, 35 Iowa, 238; *Hoffman v. Hoffman*, 15 Ohio St., 427.

The statute provides the court may make "subsequent changes" in the decree in reference to the custody of the children, when circumstances render them expedient. Code, § 2229. Evidently this contemplates a proceeding brought for the purpose of obtaining a change in the decree. In the absence of this being done, the decree, as originally entered, must amount to an adjudication.

AFFIRMED.