## JACKSON et al. v. SOUTHERN FLOUR & GRAIN CO.

1. The domicile of a minor is that of his father, if his father is living and has not voluntarily relinquished parental authority to some other person. A change of domicile does not result from the minor's leaving the parental abode by consent of his father, and going into another county to live, in order to be convenient to a partnership business which the minor conducts in his own name for himself and his father.
2. The venue of an equitable suit against the father and son, based on a transaction with them in such business, is the county of the residence of the defendants, and not the county where the business was conducted.
3. It is unnecessary to deal with other questions in this case.

FEBRUARY 14, 1917.

Injunction and receiver. Before Judge Pendleton. Fulton superior court. May 3, 1916.

The Southern Flour and Grain Company instituted an equitable action in Fulton county against L. H. Jackson and Sims Jackson, alleged to be partners conducting a business in Fulton county under the name of L. H. Jackson; and against T. J. Jackson and J. E. Mozley. It was alleged that L. H. Jackson was a

resident of Fulton county and all the other defendants were alleged to be residents of Cobb county. The suit was to recover a general judgment against the two defendants first named, for the amount of certain promissory notes payable to the plaintiff, executed by the alleged firm; to enjoin all of the defendants from disposing of a certain draft or the proceeds thereof collected from an insurance company for a loss under an insurance policy on alleged partnership property, which was held by T. J. Jackson and J. E. Mozley under an alleged collusive agreement with the firm; and to have a receiver appointed to take charge of the draft and its proceeds. The defendants pleaded to the jurisdiction of the court, and to the merits of the case. In the pleas it was denied that L. H. Jackson and Sims Jackson were partners, or that L. H. Jackson had any interest in the business. It was further alleged that L. H. Jackson was a minor and unable to contract, and resided with his father, Sims Jackson, in Cobb county, where he was born and reared. At the hearing there was uncontradicted evidence that L. H. Jackson lived in Fulton county, and conducted the business; and that he attained his majority one week after the action was commenced. Other evidence, though contradicted, tended to show insolvency by L. H. and Sims Jackson and their joint liability to the plaintiff, and a collusive arrangement as alleged in the petition between them and the other defendants, whereby the latter should control the draft and its proceeds in such manner as to place it beyond the reach of the plaintiff. The judge granted an interlocutory injunction and appointed a receiver. The defendants excepted.

*J. E. Mozley* and *D. W. Blair,* for plaintiffs in error.

*Walter McElreath,* contra.

ATKINSON, J. 1. Had L. H. Jackson been of full age and without any wife or family, no doubt his manner of living, as set forth in the statement of facts, would have been sufficient basis for a legal residence in Fulton county. *Hinton* v. *Lindsay,* 20 *Ga.* 746; Civil Code (1910), § 2181. But he being a minor, it is different. In the Civil Code, § 2184, it is declared, in part: "The domicile of every minor shall be that of his father, if alive, unless such father has voluntarily relinquished his parental authority to some other person. In such event the domicile of the minor shall be that of his master, if an apprentice, or his employer; if

neither master nor employer, then the place of his choice." Other portions of this section apply only when the father of the minor is dead, and they need not be stated. Taking the language of the statute, the domicile of every minor having a father alive is that of his father, unless such father has voluntarily relinquished his parental authority to some "other person." This authorizes a change of domicile of the minor from that of his father, in cases where there is relinquishment of parental authority to "some other person," but the domicile of the minor is made to follow the "parental authority," and can only be the place of "his own selection" in instances where the relinquishment might be to "some other person" who is not the master or the employer of the minor. The statute does not authorize a change of the domicile of the minor by the mere consent of the father that he live elsewhere and conduct business for himself. Nor has the minor any power to bring about a change of his domicile under such circumstances; for it is declared in the Civil Code, § 2187: "A person whose domicile for any reason is dependent upon that of another can by no act of volition of his effect a change of his own domicile." Civil Code sections 2181, 2182, and 2186, relating to the domicile of persons having no permanent place of abode, or to election as to domicile where the person resides indifferently at two or more places, or to change of residence by persons sui juris, have no application to a case of this kind, where the person is a minor whose father is alive and has a fixed domicile and has not relinquished his parental authority to some other person. See *Taylor* v. *Jeter,* 33 *Ga.* 195 (81 Am. D. 202) ; *Knight* v. *Bond,* 112 *Ga.* 828 (2), 832 (38 S. E. 206).

2. A suit for equitable relief must be brought in the county of the residence of a defendant against whom substantial relief is prayed. Civil Code, § 5527; *White* v. *North Georgia Electric Co.,* 139 *Ga.* 587 (77 S. E. 789). The plaintiff relied on residence of L. H. Jackson in Fulton county as a basis for jurisdiction of the court of equity in Fulton county. Applying the ruling made in the preceding division to the uncontradicted evidence, L. H. Jackson was not a resident of Fulton county, but his legal residence was the domicile of his father in Cobb county, and the court was without jurisdiction of the case.

3. As the rulings made in the preceding divisions dispose of

the case, it is unnecessary to deal with other questions presented in the record.

*Judgment reversed. All the Justices concur.*