## BRANDON v. BRANDON.

1. A decree of the court of common pleas of the State of Ohio, granting to the wife a divorce from her husband, and awarding the custody of their only child to the mother, the husband residing, at the time of the institution of the divorce proceedings and at the date of the rendition of the decree, in this State, is not entitled to obligatory enforcement here under the full-faith-and-credit clause of the constitution of the United States and of our statute upon the same subject.

2. Under the general law governing the comity of States, the judicial proceedings of another State will be enforced in this State, if they do not involve anything immoral, or are not contrary to public policy, or are not violative of the conscience of this State.

3. A decree of divorce, awarding the custody of the children of the parties, rendered by the court of another State having jurisdiction of the subject-matter and of the parties, shall be given full effect in this State.

4. Where the child was living with the father in this State at the time of the rendition of the decree granting the mother a divorce and awarding the child to her, such decree, being had in the court of another State and being based on service on the father by publication alone, was void for lack of jurisdiction, so far as it undertook to take said child from the father and award it to the mother; and the decree can be attacked on this ground by the father in habeas-corpus proceedings brought by the divorced wife against him in this State, for the custody of the child.

5. The trial judge having held such decree conclusive upon the father as to his right to the custody of the child, and not having awarded

the custody of the child to the mother upon a general consideration of the welfare of the child, we reverse his judgment and remand the case for another trial upon the merits, under the act of August 15, 1913 (Ga. Laws 1913, p. 110).

6. The court below erred in rejecting evidence offered by the father to show his good character, his fitness for the custody of the child, and his financial ability to maintain and educate him.

7. The policy of the law being against allowing the status to be changed until the final termination of a case in the court of last resort, the court erred in permitting the immediate execution of its judgment awarding the custody of the child to the mother, who is a resident of another State.

No. 3188.    DECEMBER 15, 1922.

Habeas corpus. Before Judge Price. City court of Tifton. March 30, 1922.

Paul Brandon and Katie Brandon were husband and wife. They were married at Chattanooga, Tenn., in 1912. They lived in Georgia after their marriage. Their only child, Harold Brandon, whose custody is now in controversy, was born in Georgia. Afterwards the parents moved to Akron, Ohio, and lived there about five years. About two years before this habeas-corpus proceeding was begun, the parents separated. The husband came back to Georgia, and has made his home in this State ever since. He brought back this child with him to Georgia, and the child stayed in Georgia until August or September, 1921, when the wife came to Georgia and took him back to Ohio with her. In September, 1921, she filed in the court of common pleas at Akron, Ohio a petition for divorce. The defendant was not served personally with a copy of such petition, but service was effected by publication. Shortly after filing said divorce petition, the husband went to Akron, and while the wife was away from home at work, took the child and brought him back to Georgia, where he has ever since kept the child. In December, 1921, a decree was rendered in the Ohio court, granting the wife a divorce and awarding to her the custody of the child. The wife is employed in the factory of the Goodyear Rubber Company at a salary of $20 a week. Her room and board cost her nothing. The wife testified that she wanted the child and was able to take care of him and educate him; and that she had him in school at Akron in September, 1921, when the husband brought him back to Georgia.

The plaintiff introduced in evidence a certified copy of the decree of the Ohio court granting her a divorce and awarding custody of

the child to her. From this decree it appears that the court found from the pleadings and evidence submitted, " that, at the time of the commencement of this action, the plaintiff had the care, custody, and control of their minor child, Harold Brandon, and that said plaintiff is a fit, competent, and proper person to have the future care, custody, education, and control of said minor child, and that said minor child should be awarded to plaintiff." It was therefore ordered, adjudged, and decreed by the court " that the care, custody, education, and control of said minor child, Harold Brandon, be, until the further order of this court, confided to the said plaintiff exclusively." On this decree was an entry, " Filed and entered Dec. 23, 1921." The clerk of the court of common pleas certified " that the within is a true copy of the original decree filed and entered in the above-entitled case." The defendant objected to the admission of the certified copy of this decree, on the grounds: (1) that it was not valid but void, because it did not appear that it had ever been signed by the judge of the court rendering the same or by any other judge, officer of the court, or attorney at law of any party to the cause; (2) because so much of said decree as awarded the custody of the child to the plaintiff was void and not binding upon the defendant, the child, or the court, because said court had no jurisdiction or authority to render the same, because (a) there had been no personal service of process upon the defendant, (b) the defendant had not appeared or waived service or submitted himself to the jurisdiction of the court, (c) it did not appear that defendant had any knowledge or notice, actual or constructive, of the pending divorce proceeding, (d) the court had no jurisdiction over the person of the defendant or the child, (e) at the time of the rendition of the decree the child was not in the custody of the plaintiff or in the jurisdiction of the court, (f) at the time of the filing of the suit and of the rendition of the decree the child was a citizen of Georgia and in that State had his legal domicile, (g) at the time of the filing of the suit and rendition of said decree only the courts of Georgia had jurisdiction to hear and determine controversies regarding the custody of the child, the child being, in contemplation of law, a ward of the State of Georgia; and (3) because same was irrelevant, immaterial, and illustrated no issue involved in the trial of the case. The court overruled said objection, and error was assigned on this ruling.

Plaintiff introduced the certificate of the clerk of the court of common pleas of Summit County, Ohio, in which it is stated " that a divorce was granted to Katie Brandon by the court aforesaid, in the case aforesaid, on the 23rd day of December, 1921, as will more fully appear from the records of said court." Plaintiff here rested; her counsel stating that, although it was alleged that the defendant was an immoral person and unfit to have the custody of their child, she relied upon the said decree.

The defendant then offered witnesses to establish his good character and reputation and his fitness to have the custody of the child, and his financial ability to care for and educate him. The court rejected this evidence, and error was assigned on this ruling. Defendant, in consequence of this ruling, introduced no evidence. Thereupon plaintiff moved the court to award custody of the child to her, which motion, over objection of defendant, was granted. After the court announced its judgment and before it was reduced to writing, defendant stated to the court that he intended to take the case by writ of error to the Supreme Court, and moved for the grant of a supersedeas, staying operation of the judgment. The court refused to grant a supersedeas upon any ground. Defendant then called attention of the court to the fact that the plaintiff lived in the State of Ohio, was employed there, and obtained two weeks' leave of absence for the purpose of coming to this State to get the child, and moved that the court require the plaintiff to keep the child within the jurisdiction of the court until its judgment could be reviewed. The court refused to do so. Then defendant moved that the court provide in its order that until the determination of the litigation the child be awarded to some person residing within the jurisdiction of the court. This was refused. Thereupon the court entered judgment awarding the custody of said child to the plaintiff. To the court's judgment, as well as to each of the rulings just stated, defendant excepted and assigned the same as error, on the ground that it was contrary to law.

*Fulwood & Hargrett,* for plaintiff in error.

*Smith & Christian,* contra.

HINES, J. (After stating the foregoing facts.) This case was a habeas-corpus proceeding brought by Katie Brandon, his divorced wife, against Paul Brandon, for the custody of their minor

child, Harold Brandon, who was, at the time of the filing of the wife's petition for the writ, in the custody of the father. Both husband and wife were reared in this State. They were married in Tennessee in 1912. For a number of years they lived in Georgia; and their only child, the subject-matter of this controversy, was born in this State. The parents afterwards moved to Ohio, and lived there about five years. About two years ago they separated, the wife continuing to dwell in Ohio, and the husband coming back to Georgia, and bringing with him the child. The child remained in this State until August or September, 1921, when the wife came to Georgia and took the child back to Ohio with her. The circumstances under which she did this do not appear from the evidence. On getting back to Ohio, the wife, in September, 1921, instituted an action for divorce against the husband. The ground for divorce seems to have been that the husband had been "guilty of gross neglect of duty." The application for divorce is not in the record; but the decree recites that the court found that the husband had been guilty of gross neglect of duty, and that by reason thereof the wife was entitled to a divorce. Shortly after the institution of the divorce action, and in September, 1921, the husband went to Ohio, and, while the wife was away from home at work, took this child and brought him back to Georgia, where he was when the wife was granted a decree of divorce and was awarded the custody of this child in this action, in December, 1921, the decree being based upon service by publication.

1-5. What force and effect should that portion of this decree, by which the custody of this child was awarded to the mother, have in this State? Does it conclude the father, if nothing has transpired since its rendition to make the mother an unfit person to have its custody? Where husband and wife were domiciled in this State, and the husband left the wife and acquired in good faith, after a lapse of five years, a domicile in another State, where he obtained a judgment of divorce based upon constructive, and not actual, service of process on the wife, this court held that such judgment was not entitled to obligatory enforcement in Georgia, under the full-faith-and-credit clause of the United States Constitution (Civil Code of 1910, § 6672); but that under the general law governing the comity of nations, in a proper case, the judicial proceedings of another State will be enforced in this State, pro-

vided they do not involve anything immoral, are not contrary to public policy, or are not violative of the conscience of this State. *Joyner* v. *Joyner,* 131 *Ga.* 217 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220). So where a total divorce was granted by an Alabama court, and by the decree the custody of the only child was given to the mother, the effect was to put the mother, as to the control of the child, in the place of the father, and make her custody legal; and this court held that habeas corpus at the instance of the father for the possession of the child, on the ground that the child was illegally detained, and that the mother was not a fit and proper person to rear it, would not lie. *Hammond* v. *Hammond,* 90 *Ga.* 527 (16 S. E. 265). In that case both parents resided in Alabama at the time the divorce was granted, and no change in their status (apparently) had taken place before the institution of the habeas-corpus proceeding. The principle that a decree of divorce, awarding the custody of the children of the parties, rendered by a court of another State having jurisdiction of the subject-matter and of the parties, should be given full effect in another State, is sound. Bennett *v.* Bennett, Deady (U. S.) 299 (Fed. Cas. No. 1318); Hardin *v.* Hardin, 168 Ind. 352 (81 N. E. 60) ; Wilson *v.* Elliott, 96 Tex. 472 (73 S. W. 946, 75 S. W. 368, 97 Am. St. R. 928) ; Kentzler *v.* Kentzler, 3 Wash. 166 (28 Pac. 370, 28 Am. St. R. 21) ; Morrill *v.* Morrill, 83 Conn. 479 (77 Atl. 1) ; Re Davis, 25 Ont. 579 ; State ex rel. Hahn *v.* King, 109 La. 161 (33 So. 121) ; Bidwell *v.* Bidwell, 139 N. C. 402 (52 S. E. 55, 2 L. R. A. (N. S.) 324, 111 Am. St. R. 797) ; Wakefield *v.* Ives, 35 Iowa, 238; Dubois *v.* Johnson, 96 Ind. 6; Umlauf *v.* Umlauf, 27 Ill. App. 375; Jennings *v.* Jennings, 56 Iowa, 288 (9 N. W. 222) ; State ex rel. Nipp *v.* District Ct., 46 Mont. 425 (128 Pac. 590, Ann. Cas. 1916B, 256) ; Anderson *v.* Anderson, 74 W. Va. 124 (81 S. E. 706) ; Ex parte Boyd (Tex. Civ. App.), 157 S. W. 254; Mylius *v.* Cargill, 19 N. M. 278 (142 Pac. 918, L. R. A. 1915B, 154, Ann. Cas. 1916B, 941) ; 9 R. C. L. 477, § 293; *Milner* v. *Gatlin,* 139 *Ga.* 109 (76 S. E. 860).

But such decree can not anticipate changes which may occur in the condition of the parents, or in their character and fitness for the care of their children. A decree in a divorce suit, granted by a court having jurisdiction of the subject-matter and of the parties, and awarding the custody of a child to one parent, is at best but

prima facie evidence of the legal right to the child's custody; but is not conclusive in habeas-corpus proceedings where neglect or mistreatment of the child, or unfitness of the parent since the date of the decree, is involved. *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282) ; *Barlow* v. *Barlow,* 141 *Ga.* 535 (81 S. E. 433, 52 L. R. A. (N. S.) 683) ; *Milner* v. *Gatlin,* 143 *Ga.* 816 (85 S. E. 1045, L. R. A. 1916B, 977) ; *Gillens* v. *Gillens,* 148 *Ga.* 631 (97 S. E. 669).

This brings us to consider the effect of a judgment granting a divorce and awarding the custody of children, which was based upon constructive service by publication, without actual notice to the non-resident defendant. This court has held that such a judgment will not be regarded as a conclusive adjudication of the disposition of the child, where the evidence shows that the judgment was obtained by fraudulent representations in order to confer jurisdiction upon the court rendering the judgment; and that such judgment can be collaterally attacked. *Matthews* v. *Matthews,* 139 *Ga.* 123 (76 S. E. 855) ; *Solomon* v. *Solomon,* 140 *Ga.* 379 (78 S. E. 1079).

This brings us to consider the effect of such a decree upon the right of the father to the custody of his minor child, when the child was not in the State whose court rendered the same, at the time of its rendition, but was with the father in this State at such time. If this child had been residing with the mother in Ohio at the time of the rendition, in that State, of the decree of divorce in favor of the mother upon constructive service, such decree might be binding and conclusive upon the father in this habeas-corpus proceeding brought by the wife in this State to secure the custody of the child from the father. Wakefield *v.* Ives, 35 Iowa, 238. It has been held that action for divorce is a proceeding in rem, so far as it affects the status of the parties and the custody of their minor children within the jurisdiction of the court, and that service of the summons by publication is good. Estate of Newman, 175 Cal. 218, 7 Am. St. R. 146. Where, however, the child was living with the father in this State at the time of the rendition of the decree of divorce, awarding the child's custody to the mother, the court was without jurisdiction to award the custody of the child to the mother, such decree being based upon service by publication alone on the father. Kline *v.* Kline, 57 Iowa, 386

(10 N. W. 825, 42 Am. R. 47) ; Rodgers *v.* Rodgers, 56 Kan. 483 (43 Pac. 779) ; De la Montanya *v.* De la Montanya, 112 Cal. 101 (44 Pac. 345, 32 L. R. A. 82, 53 Am. St. R. 165) ; Seeley *v.* Seeley, 30 App. D. C. 191 (12 Ann. Cas. 1058) ; Harris *v.* Harris, 115 N. C. 587 (20 S. E. 187, 44 Am. St. R. 471) ; People *v.* Hickey, 86 Ill. App. 20 (5),

But it may be said that at the time the wife started her divorce suit in Ohio this child was with her in that State, and for that reason the court had jurisdiction of the child. The child's presence in that State was only temporary, and such temporary residence of the child did not give the Ohio court jurisdiction. Lanning *v.* Gregory, 100 Tex. 310 (99 S. W. 542, 10 L. R. A. (N. S.) 690, 123 Am. St. R. 809).

The father of a child born in wedlock is its natural guardian, and as such was formerly entitled to its custody and control. *Taylor* v. *Jeter,* 33 *Ga.* 195 (81 Am. D. 202). Now he has no such prima facie right. Ga. Laws 1913, p. 110. The domicile of a minor is that of his father. *Jackson* v. *So. Flour &c. Co.,* 146 *Ga.* 453 (91 S. E. 481). The appointment, by the probate court of Chambers County, Alabama, of a guardian for two minors residing at the time in this State was void, because the court had no jurisdiction of their persons. *Boyd* v. *Glass,* 34 *Ga.* 253 (89 Am. D. 252). So the Ohio court had no jurisdiction of the person of this minor, and so much of the divorce decree as awarded its possession to the mother is void for want of such jurisdiction. Lack of jurisdiction may be shown as to the subject-matter, or the person, or, in proceedings in rem, as to the res. *McCauley* v. *Hargroves,* 48 *Ga.* 50 (15 Am. R. 660) ; *Davis* v. *Albritton,* 127 *Ga.* 518 (56 S. E. 514, 8 L. R. A. (N. S.) 820, 119 Am. St. R. 352). So we are of the opinion that the decree of the Ohio court, so far as it sought to award the custody of this child to the mother, was not binding upon the father, and did not prelude him from asserting his legal right to the child's custody. As the court below held that this decree was conclusive upon the father, and did not award the custody of the child upon a general consideration of the welfare of the child, we feel constrained to reverse the judgment awarding the child to the mother.

6. In view of the above ruling, the court below erred in rejecting evidence offered by the father to show his good character, his

fitness to have the custody of the child, and his financial ability to maintain and educate him.

7. When the court below announced its decision awarding the child to the mother, who resides in Ohio, and who was temporarily in Georgia to attend the trial of this proceeding, counsel for the defendant requested the court to pass such order of supersedeas as would preserve the status, until the decision could be reviewed. This the court refused, and error was assigned on this ruling. " The policy of the law is against allowing the status to be changed until the final termination of a case in the court of last resort." *Gustoso Cigar Mfg. Co.* v. *Ray,* 117 *Ga.* 565 (43 S. E. 984). The proper practice, in a case where irreparable injury may result, by carrying the judgment instantly into effect, is, upon notice being given to the court that a bill of exceptions will be filed, to allow a reasonable time for this to be done, before the judgment is carried into effect. *Lindsey* v. *Lindsey,* 14 *Ga.* 657. The court erred in permitting the immediate execution of its judgment awarding the custody of this child, pending appeal, to the mother who lived out of this State. Page v. Page, 166 N. C. 90 (81 S. E. 1060).

*Judgment reversed. All the Justices concur.*