DRAKE *et al. v.* DRAKE.

No. 12542.   JANUARY 11, 1939.

*John E. Drake* and *C. A. Drake,* for plaintiff in error.

*N. L. Stapleton* and *E. P. Stapleton,* contra.

GRICE, Justice.   Mrs. Irma Drake instituted a habeas-corpus proceeding against T. A. Drake and Mrs. T. A. Drake, for the pur-

pose of obtaining the custody of a minor, the daughter of Mrs. Irma Drake and Ty C. Drake. On the hearing Mrs. Irma Drake introduced in evidence an authenticated copy of the proceedings, orders, and decree in a certain action for divorce brought by her against Ty C. Drake in the circuit court of Hillsborough County, Florida, filed in office on March 7, 1938, the final decree therein having been entered and filed on June 8, 1938. In her petition for divorce Mrs. Irma Drake asked for the custody of the minor. In that petition she asserted that she was a bona fide resident of the State of Florida for more than ninety days immediately preceding the filing of her suit. Personal service was effected on the defendant therein, it being alleged that he also was a citizen of Florida. An appearance was entered for the defendant in the Florida suit, and he filed a response in which he denied that his wife was a bona fide resident of Florida, and demanded strict proof of the same. The matter was referred to a master; testimony was taken; the master made his report, and thereafter was entered the final decree reciting and adjudging that there had been personal service on the defendant; that the court had jurisdiction of the parties and of the subject-matter; that no exceptions to the master's report were filed, and that the same was confirmed; that "from the testimony herein adduced before this court the equities of this suit are with the complainant and against the defendant, and that the complainant is entitled to the relief prayed for." The parties were by the decree declared divorced, alimony was awarded, and the custody of the child awarded to the mother, the complainant. Mr. and Mrs. T. A. Drake, in their response to the habeas-corpus proceeding averred that Ty C. Drake, the father of the child, is their son, and that they were in possession of said minor at his instance and request. On the hearing they offered in evidence an order of the court of ordinary of Seminole County, Georgia, dated April 18, 1938, reciting that Ty C. Drake, the natural guardian of the person of his minor child, Mabel Lenell Drake, had filed a bond as guardian, "and is authorized to receive the person of said ward." Mrs. Irma Drake testified that at the time of the filing of the divorce suit the child was in her custody; that on March 21, while she was at work, the child disappeared, and is being held at the home of Mr. and Mrs. T. A. Drake without her consent. The judge awarded the custody of the child to Mrs. Irma Drake.

■ On the trial of the habeas-corpus case there was put in evidence apparently the entire record, except the testimony taken before the master, and his report thereon, in the divorce proceeding brought in Florida by Mrs. Irma Drake against Ty C. Drake. When offered, the same was objected to as a whole, as irrelevant. Since the record purported to adjudge the right of petitioner to the custody of the child, for whose custody she brought the petition for habeas corpus, it related directly to the issue before the judge, and established the status, to wit, the right of the mother to the custody of the child. The further objection, that the same was inadmissible because the defendants in the habeas-corpus proceeding were not parties to the divorce suit, is, for the same reason, without merit. A deed, or other contract, or a decree purporting to confer on a plaintiff a right pertaining to the subject-matter of a suit, is not rendered inadmissible in the latter merely because the defendant was not a party to such contract or decree.

■ The bill of exceptions recites that plaintiffs in error objected to the admission of the testimony referred to above, "for the further reason that the documents and record were not properly authenticated, it being proceedings from a foreign State." We learn from the briefs that counsel objected to the sufficiency of the certificate of the judge, on the ground that the judge certified that he was one of the judges of the circuit court of Hillsborough County, Florida, and did not certify that he was the presiding judge. The language of the statute is, "the certificate of the judge, chief justice, or presiding magistrate." The certificate before us reads: "I, L. L. Parks, one of the judges of the Circuit Court of Hillsborough County, Florida, do hereby certify," etc., and is signed, "L. L. Parks, Judge." The exemplification of the proceedings had in the Florida court itself shows that there were two judges, each of whom passed orders in the case, Honorable Harry N. Sandler, and Honorable L. L. Parks, each of whom merely signed as judge, the final decree being signed by "L. L. Parks, Judge." There were therefore two judges who at different times presided in the cause. One of the definitions of the word "preside" given in Webster's New International Dictionary is, "To occupy the place of authority, or of president, chairman, moderator, etc.; to direct, control, or regulate proceedings, as chief officer, as to preside at public meetings; to preside over the senate." The Supreme Court of Louisiana

has held that a record from a court of another State, none of the judges of which has the title of presiding judge, or chairman, certified to by all of the judges, is a substantial compliance with the act. Jordan v. Black, 1 Rob. (La.) 575. The same court held that a record of judicial proceedings in another State is sufficiently authenticated when certified to by any judge before whom, it appears from the record itself, all the proceedings in the case were held, and who states in his certificate that he is one of the judges of the court, and that all the judges of said court are equal in authority, and each one is authorized to sign such a certificate. Orman v. Neville, 14 La. 392. The Supreme Court of Alabama held that the authentication by one of the judges of the Supreme Court of Errors and Appeals of Tennessee is sufficient, the law appointing no chief justice or presiding magistrate of that court. Huff v. Campbell, 1 Stewart, 543. The Court of Appeals of South Carolina had before it the question whether the clerk's certificate of exemplification of a judgment obtained in an inferior court in Georgia was properly authenticated by five persons who styled themselves Presiding Justices of the Inferior Court. It was held that it was. In the opinion, referring to the act of Congress, now appearing as § 38-627 of our Code, it was said: "The act would seem to contemplate a court where there was but one judge, or a court of several, with a head designated as Chief Justice, or Presiding Magistrate. Our own organization can not be brought literally within this description, and great difficulties were encountered in the case of Stephenson v. Bannister (3 Bibb (Ky.), 369), in giving in evidence a record of this State in the courts of Kentucky. Indeed, it would seem, according to that case, that no such certificate could be given by any judge of this State as could be received in evidence under the act of Congress. But I suppose this literal interpretation has not been generally given; for although we have no judge of any particular district, or Chief Justice, or Presiding Magistrate, we are daily in the habit of giving certificates, as a presiding judge in term, of the court for the district where the judgment is rendered. The act of Congress was intended to designate the manner in which the records and judicial proceedings of one State should be in evidence in another, and as the organization of the courts in some of the States is different from that contemplated by the act, it must receive such liberal con-

struction as will be conformable to the manifest intention." Arnold *v.* Frazier, 5 Strob. (S. C.) 33. The cases above referred to, while not strictly analogous, show that there is respectable authority for the proposition that "the letter of the act should yield to its spirit, so far as to accommodate its provisions to the modification of the different courts of the States, and indeed is its true intention." Huff *v.* Campbell, supra. In 22 C. J., Evidence, 999, we find it stated that "It is usually considered that a substantial compliance [with the terms of the statute] is sufficient." The statement seems amply supported by the decisions cited in the note. Our view is that the decree was properly authenticated.

No error is shown in the rulings on objections to specific portions of the authenticated record of the Florida proceedings. The whole, being the record of the entire proceedings, was properly admitted.

■ Under the pleadings in the instant case, the right of the respondents in the habeas-corpus proceeding to the custody of the child depended upon Ty C. Drake's rights in the premises. To show the latter's right, counsel for plaintiff in error offered in evidence the order of the court of ordinary of Seminole County, Georgia, dated April 18, 1938, reciting that the natural guardian of the child had filed bond as guardian, and, as recited in the order, "is authorized to receive the person of his ward." This was on motion excluded on two grounds, one of which was that it bore date subsequent to the filing of the bill for divorce in Florida, the divorce suit in that State ending in a decree awarding the custody of the child to her mother. Even if we assume that this order without more would show the right of the father to the custody of the child, still we think that the ruling excluding this testimony showed no harmful error, on the application of the principle that a decree of divorce, awarding the custody of the children of the parties, rendered by a court of another State having jurisdiction of the subject-matter and of the parties, should be given full effect in another State. *Brandon* v. *Brandon,* 154 *Ga.* 661, 666 (115 S. E. 115), and the authorities there listed. But the filing of the bond as natural guardian in the court of ordinary of Seminole County did not at all affect any right of the father to the custody of the child. The only effect of giving bond by a natural guardian is to empower him to demand and receive any property belonging to the child. Code, § 49-102.

■ On the hearing the trial judge refused to hear testimony as to the conduct of the mother prior to the decree of the Florida court which awarded her the custody of the child, and this is assigned as error. In the Florida suit the plaintiff wife alleged that the father was not a fit and proper person to have the care and custody of the child, and asked that it be awarded to her. The defendant husband in the suit was personally served, and in his answer denied the plaintiff's allegations as to his unfitness and averred the contrary, and, further, that he "is maintaining and will continue to maintain said infant in a fit and proper way, and in a good and respectable home." The decree recited that "the court finds from the evidence that the equities of this suit are with the complainant and against the defendant, and that the complainant is entitled to the relief prayed for." Part of the relief prayed for was that she be awarded the custody of the minor, and the decree contains this specific statement: "It is further ordered, adjudged, and decreed, that the complainant, Irma Drake, be and she is hereby given the care, custody, and control of the minor child, Mabel Lenell Drake, age two and a half years, until the further order of said court, and that the defendant, Ty C. Drake, is hereby ordered to deliver and surrender custody of said child to the complainant, Irma Drake, instanter." The issue as to who was entitled to the custody of the child having been raised and adjudicated in the divorce action adversely to the claim of the husband and father, and in favor of the wife and mother, his parents, in the habeas-corpus case, now seek to give evidence of facts which existed at the date, or anterior to the date, of the decree, which they contend show the unfitness of the mother. The respondents in their response say that they are in possession of the child at the instance and re-quest of Ty C. Drake, and that the child is only in their care and custody while Ty C. Drake is away at work. They have no more right to the child's custody than has the father, if indeed the above statement means anything more than they are now holding the child as agents for the father, and that in reality their possession is his possession. Counsel for plaintiff in error cite a number of authorities which recognize and apply the doctrine that in habeas-corpus proceedings for the possession of a minor the paramount consideration is the welfare of the child; and argue that since this is a habeas-corpus case, they should be allowed, in consideration

of the welfare of the child, to show the unfitness of the defendant in error to have the custody. This contention, however, overlooks another equally familiar and important rule that ordinarily a judgment is conclusive for all time; and the mother's fitness for the custody, and the welfare of the child, were before the court when the Florida decree was entered. "A decree of divorce awarding the custody of the children of the parties, rendered by the court of another State having jurisdiction of the subject-matter and of the parties, shall be given full effect in this State." *Brandon* v. *Brandon,* supra. The assignment of error now under consideration deals with the refusal of the trial judge to allow testimony tending to show the unfitness of the mother, the testimony not relating to matter transpiring subsequently to the decree. While this court has recognized that if, since the decree, the circumstances have changed, a habeas-corpus court may award the custody of the child to some one else if the welfare of the child demands it, the rule is to the contrary if there has been no change in the circumstances since the rendition of the decree. See *Haire* v. *McCardle,* 107 *Ga.* 775 (33 S. E. 683); *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282); *Hollenbeck* v. *Glover,* 128 *Ga.* 52 (57 S. E. 108); *Milner* v. *Gatlin,* 139 *Ga.* 109 (76 S. E. 860); *Barlow* v. *Barlow,* 141 *Ga.* 535 (81 S. E. 433, 52 L. R. A. (N. S.) 683); *Woodland* v. *Woodland,* 153 *Ga.* 202 (111 S. E. 673). The court did not err in excluding the testimony.

Plaintiffs in error attempted to attack the validity of the Florida decree by showing that the plaintiff in that case had not been a resident of that State for the length of time required by the laws of Florida, and that therefore she could not legally bring a suit for divorce against Ty C. Drake. The trial judge would not permit this to be done, and his refusal is assigned as error. The Florida court had jurisdiction of the cause of action, that is, to grant divorce, fix alimony, and to award the custody of the children. It necessarily had power to determine the issue whether or not the wife was a resident of that State, and that she had been residing in that State for such length of time as entitled her under the Florida statute to institute the action. Answer was filed, and on the trial of that case evidence was submitted, and a final decree regularly entered. Since that decree was not based on constructive service, but on actual service, the principle ruled in *Joyner* v.

*Joyner*, 131 *Ga.* 217 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220); *Matthews* v. *Matthews*, 139 *Ga.* 123 (76 S. E. 855); *Solomon* v. *Solomon*, 140 *Ga.* 379 (78 S. E. 1079), does not apply. Nor is this question controlled by anything ruled in *Elliott* v. *Elliott*, 181 *Ga.* 545 (182 S. E. 845). The basis of that decision, which dealt with a Michigan divorce decree awarding the custody of a child to the father, was that the father had voluntarily relinquished his parental authority over the child to the mother, thereby rendering the domicile of the child that of the mother, and that, the latter residing in Georgia, the Michigan court was without jurisdiction in the divorce decree to award the child's custody to the father. It had already been held in *Brandon* v. *Brandon*, supra, that a decree in an Ohio court, based on service by publication, granting the custody of the child to her, the child at the time living in Georgia with his father, was void for lack of jurisdiction, and that therefore in a habeas-corpus case the decree was, in so far as it dealt with the custody of the child, not binding on the father, and did not preclude him from asserting his legal right to the child's custody, because the child at the time was not in Ohio but was living with his father in Georgia. No such situation is presented in the instant case. Both the child and the father were in Florida at the time the divorce suit was filed. Here, the ground of attack is that the wife, the plaintiff in the divorce action, had not been a bona fide resident of the State of Florida for the time required in order, under the laws of that State, to give her the right to bring the action, and that therefore the Florida court was without jurisdiction to enter the decree.

A judgment or decree of a court having no jurisdiction is a mere nullity. Code, § 110-709. It may be attacked in any court and by any person. Code, § 110-701. And the sweeping statement is frequently found that the want of jurisdiction may "always" be inquired into. Thompson *v.* Whitman, 18 Wall. 457, 468 (21 L. Ed. 897); Stuart *v.* Dickinson, 290 Mo. 516 (235 S. W. 446); Re Kimball, 155 N. Y. 68 (49 N. E. 331); Noyes *v.* Butler, 6 Barb. 613; *Georgia R. &c.* v. *Harris,* 5 *Ga.* 527. Although giving due weight to the above principles and adjudications, the assignment of error can not be disposed of without keeping in mind certain other provisions of law, for instance, the full faith and credit section of the constitution of the United States; the law of res judicata;

the doctrine of estoppel by judgment; and of our Code which declares that "The judgment of a court of competent jurisdiction may not be collaterally attacked in any other court for irregularity, but shall be taken and held as a valid judgment until it is reversed or set aside." Code, § 110-708.

As hereinbefore pointed out, the Florida court had jurisdiction of the cause of action, and the defendant was personally served. In the habeas-corpus case, it is sought to be shown that the plaintiff in the Florida suit had not been a bona fide resident of that State for ninety days immediately prior to its filing, such residence being necessary in order to give the Florida court jurisdiction. The question whether or not such residence existed was an issue of fact. The Florida court was clothed with the power to determine its truth. The complainant in her bill for divorce asserted that she was a bona fide resident of the State of Florida, and had been for more than ninety days next preceding the filing of her bill of complaint. The defendant filed an answer specifically denying those allegations, and on the contrary averred that she was not a bona fide resident of that State, and demanded strict proof of her allegations to that effect. The case was referred to a master. Testimony was taken on the issues arising under the pleadings. The case came on for final decree by the judge. The master's findings were in favor of the complainant. His report was confirmed and approved by the court, the decree containing a separate finding that the court had jurisdiction of the parties, and further reciting in part that "from the testimony herein adduced before this court in behalf of complainant, the court finds from the evidence that the equities of this suit are with the complainant and against the defendant, and the complainant is entitled to the relief prayed for." Thus it affirmatively appears that the attack now sought to be made in the habeas-corpus case was nothing more or less than an issue of fact which was specifically asserted and as specifically denied in the pleadings in the Florida case, and having been there raised, was by a court of competent jurisdiction adjudicated. The decree was valid in Florida; it is valid here. A judgment good at home is good everywhere. *Tompkins* v. *Cooper,* 97 *Ga.* 631 (25 S. E. 247) ; *Thomas* v. *Morrisett,* 76 *Ga.* 384. The defendant in the divorce suit, upon the question of residence of the complainant in order to give the court jurisdiction, having invoked a direct

determination of the question in the Florida court which had power to enter upon the inquiry, and having permitted an adverse decision to stand, we must give to the decision of the Florida court upon that question the same effect as would be given to that determination within the State of Florida, or the same force and effect as if it had been rendered by a Georgia court. "It is a principle well settled and of general application that, where a question proper for judicial determination is directly put in issue and finally determined in a legal proceeding by a court having competent authority and jurisdiction to hear and determine the question, such decision and determination of the question will be deemed final and conclusive upon the parties and their privies in all further litigation between them in which the same question arises, so long as the judgment remains unreversed, or is not otherwise set aside. Baisley v. Baisley, 113 Mo. 550, 35 Am. St. Rep. 726 (21 S. W. 29); Harding v. Harding, 198 U. S. 335, 49 L. ed. 1074, 25 Sup. Ct. Rep. 679." Hall v. Wilder Mfg. Co., 316 Mo. 812 (293 S. W. 760). For a valuable note on the conclusiveness of a decision of a sister State on a contested hearing as to its own jurisdiction, see 52 A. L. R. 740; and for a similar note on a related subject, see 80 A. L. R. 719.

■ The court did not err in awarding the custody of the child to defendant in error.

*Judgment affirmed. All the Justices concur.*