*T. S. Felder, attorney-general,* and *E. M. Owen, solicitor-general,* contra.

---

## ZACHRY *v.* ZACHRY.

Where a motion, based on pending libel for divorce is made to the judge, under the Civil Code, § 2980, for temporary alimony and the custody of children of the marriage pending the litigation, the judge, in determining the custody of the children, is not bound by a previous judgment in habeas corpus between the same parties, but, after hearing all the facts and circumstances, should exercise a sound discretion in awarding the custody of the children. Civil Code §§ 2971 and 2980, being in pari materia, must be construed together.
AUGUST 12, 1913.

Custody of children. Before Judge Hammond. Columbia superior court. June 12, 1913.

*C. E. Dunbar,* for plaintiff.

*C. H. & R. S. Cohen* and *Hamilton Phinizy,* for defendant.

Evans, P. J. Julian J. Zachry and Mary W. Zachry were married on November 12, 1909. During May, 1913, the husband instituted a habeas-corpus proceeding against his wife, before the ordinary of Richmond county, to recover the custody of their two minor daughters, both under the age of three years, and on May 12, 1913, the custody of the children was awarded to the husband by the ordinary. Three or four days thereafter the wife filed in Columbia county a petition for divorce against her husband, who was a resident of that county; and she made an application for the support and custody of her children under the Civil Code, § 2980, based upon her pending libel for divorce. On the hearing the court allowed attorney's fees and temporary alimony to the wife, but refused her the custody of her children, holding that the judgment in the habeas-corpus proceeding conclusively adjudicated the right of the husband to their custody; there being no contention that there was any change in the status of the parties other than the filing of the petition for divorce. The wife excepts to this judgment.

The case is governed by Civil Code §§ 2971, 2980. The last named of these sections provides for an interlocutory hearing before the judge, on a motion made pending a divorce proceeding, to determine who shall be entitled to the care and custody of the children pending the litigation, as if the same were before him on a writ of habeas corpus. If nothing more appeared in the statute, we would be constrained to follow the analogy of a proceeding of this kind to that of a habeas corpus, and to apply the rule that a judgment on habeas corpus in a contest between parents over the custody of minor children is conclusive in a subsequent application, unless some new fact has occurred which has altered the state of the case or the relative claims of the parents in some material respect. *Kirkland* v. *Canty,* 122 *Ga.* 261 (50 S. E. 90). But the cognate section (2971) is to be construed in connection with it. That section declares: "In all cases of divorce granted, the party not in default shall be entitled to the custody of the minor children of the marriage. The court, however, in the exercise of a sound

discretion, may look into all the circumstances, and, after hearing both parties, make a different disposition of the children, withdrawing them from the custody of either or both parties, and placing them, if necessary, in possession of guardians appointed by the ordinary. The court may exercise a similar discretion pending the libel for divorce." In cases of final divorce the custody of the children will be awarded to the party not in default (if approved by the presiding judge), notwithstanding their custody may have been given to the other party in a former habeas-corpus proceeding. The statutory design seems to be that on the final verdict for divorce the court shall not be hampered by any former decree or judgment in a habeas-corpus case, but that the court will be at full liberty in providing for the welfare of the children. And there is much reason that the court should not be fettered by any former judgment rendered on habeas corpus, because the issues are not altogether the same. In a contest by habeas corpus between parents for the possession of children, the contending parties are pressing their private claims, and the welfare of the children is made a subsidiary matter by the striving parents; whereas, in the case of divorce granted, the marital bonds are dissolved and henceforth the parents are no longer in domestic relation. In such a case the welfare of the children appeals most strongly to the humanity and conscience of the judge, and it is wise that he be left untrammeled by any former judgment on habeas corpus in making provision for the children's future. The statute confers on the judge a supervisory control, with respect to the custody of the children, over the whole divorce proceeding, and in the exercise of a wise discretion he may award their custody to the parent in fault, or even to strangers, in case of divorce granted. The statute further declares that "the court may exercise a similar discretion pending the libel for divorce." What meaning are we to give to these words? If we confine their meaning to an exercise of discretion with respect to matters transpiring subsequently to a judgment rendered in a habeas-corpus proceeding, we not only write such restriction into the statute, but we do violence to the legislative fiat that the court shall have and exercise a discretion similar to that given him in cases of divorce granted, which is unfettered by any previous adjudication on habeas corpus. We think the legislative purpose was to take a proceeding under section 2980, to determine

the custody of children pending divorce litigation, out of the operation of any former judgment on habeas corpus, and to confer upon the judge plenary power for the exercise of a sound discretion in awarding the custody of the children of the parties to the divorce libel. We reverse the judgment, that the court may hear all the facts and exercise a sound discretion in awarding the custody of the children. *Judgment reversed. All the Justices concur.*