ROSENBERG *v.* WILSON *et al.*

HILL, J. 1. On conflicting evidence the trial judge did not abuse his discretion in refusing a temporary injunction and in dissolving the order appointing a temporary receiver.

2. A final decree can not be entered in any case at an interlocutory hearing. Accordingly, so much of the interlocutory order as refused an interlocutory injunction and dissolved the former order appointing a temporary receiver is affirmed; and so much of the order as decrees the payment of costs to the receiver and the issuing of execution therefor, being final, is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 3053. DECEMBER 15, 1922.

Petition for injunction, etc. Before Judge Shurley. Wilkes superior court. January 10, 1922.

Phil Rosenberg filed a petition for injunction, receiver, etc., against H. H. Wilson, H. L. Allen, and W. B. Allen and alleged in substance the following: On September 9, 1919, plaintiff made a contract of sale with the three defendants named above. Under this contract he agreed to sell and make deeds and conveyances to certain tracts of land in Wilkes County, upon the payment of the purchase-money notes given therefor. These lands consisted of 380 acres, more or less, which were described in the petition. For a part of the purchase-price of the lands the defendants gave plaintiff their promissory notes for $24,509.96, bearing interest at 8

40

per cent., payable annually from January 1, 1920. A copy of one of the notes given for $1945.44 was attached to the petition. There were eight other notes of similar amount and identical in terms, but due January 1, 1922 to 1929 respectively. There was also a note for $7,000 due February 1, 1920, and identical in terms with the others. Plaintiff has received only $6500 on the last-named note, and there is due all of the principal except the amount paid and all of the interest called for by the various notes. All of the parties except H. L. Allen have left the premises and have paid nothing upon the notes except as stated above. The defendants are endeavoring to sell and dispose of the crops on the premises, with the avowed purpose to prevent any collection by plaintiff from the crop upon the indebtedness. H. H. Wilson and W. B. Allen have removed from the place and from the county. H. L. Allen has not removed from the county, but is endeavoring to sell in bulk the crop on the place, with the avowed purpose stated by him to prevent the plaintiff from receiving any part of the same. The defendants are insolvent. The prayer is, that George M. Walton, the sheriff of Wilkes County, be appointed receiver to take possession of the crops of said place, have them gathered and preserved to be disposed of as the court shall direct, and that the court direct that notice be served upon all of the parties, and that an order be allowed that this case shall be heard at the November term of Wilkes superior court, unless an earlier date is fixed or asked by either party to this case. A copy of one of the notes, dated September 9, 1919, is attached to the petition, one clause of which is: "This note subject to written agreement this date made between the makers and payee of this note."

The defendants filed an answer admitting some of the paragraphs of the petition and denying others, and among other things averring as follows: None of the defendants ever removed to the tract of land or lived upon it, except H. L. Allen, who proceeded to rent and farm the lands on shares for the benefit of the defendants and himself, and all of the land is either being worked by H. L. Allen or by share croppers and renters under his direction. In 1921 there was a crop failure in Wilkes County, so far as cotton is concerned, and the lands will not produce eight bales of cotton where heretofore sixty bales have been made, and the actual cost of supplies furnished to the croppers and tenants on the place will ex-

ceed the value of the crops raised. The plaintiff did not furnish or cause to be furnished any of the supplies used to make the crops of 1921, but H. L. Allen, who was in active charge of the land, procured from H. V. LaPrade the sum of $1,000, or such other sum as was necessary to supply himself and the other tenants on the farm, which amount is not excessive for the amount of farm conducted, some eight or ten plows; and on or about July he delivered to LaPrade a bill of sale covering the amounts furnished in satisfaction of the debt; and after deducting one half of the crops belonging to the share croppers, this will fall short of paying LaPrade what is due him. This is the only transfer or sale of property of which defendants are aware, and the same was made in good faith. None of the defendants have removed from the place, except H. L. Allen, who at the time of filing the answer is hunting work in Florida to support his family, and who is employed in that State and lives in Wilkes County, Georgia, and the other defendants have always been residents of the counties wherein they now reside, viz., Habersham and Banks Counties. The plaintiff made to the defendants, on September 9, 1919, a bond for title covering the tract of land in question, and represented to defendants that he was the sole owner of the land and that there was no incumbrance on it. As a part of the contract of sale on the same day, September 9, 1919, a second instrument was executed by the plaintiff, a copy of which was attached; and by this agreement the note for $1945.44 due January 1, 1921, and notes due the two following years were extended as to payment until January 1, 1924, providing for interest payable annually. In order to secure the interest that might accrue they delivered to plaintiff 21 bales of middling lint-cotton as agreed upon, which cotton is still held by plaintiff and is ample to pay the interest, and is held under express agreement to apply on the said indebtedness. They have acted in the utmost good faith throughout the entire transaction; and the petition for receivership and judgment on the notes was brought without cause by the plaintiff, who is now residing in Florida, and was an attempt to collect the crop of 1921 on said place as rent, to the breach and avoidance of his contract of sale. Since none of the notes are due and payable, and none of the interest is due except that which by express agreement has been secured with the 21 bales of cotton mentioned above, by bringing the petition and praying for judg-

ment on the notes and for a receivership the plaintiff has elected to breach his contract of sale for the lands; and since he has elected to so breach the contract and bring proceedings to recover the rent of the land and on the notes not yet due, they are released from further complying with their contract of sale, and the plaintiff is bound to pay them the amounts previously paid on the land, to wit, $11,000, with the legal rate of interest thereon from the date of such payments. The plaintiff has acted in bad faith throughout the transaction and in attempting to take possession of the products of the land and to obtain judgment on his notes before due, and the defendants are entitled to recover of him the sum of $1,000.00 as attorney's fees. They pray judgment for these amounts; that the demand be declared to be a special lien upon the tract of land in controversy; and that the remaining notes held by plaintiff and signed by the defendants be delivered up and canceled upon the defendants delivering their contract of sale and bond for title. A copy of the contract was attached to the answer, which, after reciting the purchase and sale of the land and giving of the notes, set out above, recites that " The said Phil Rosenberg agrees, in consideration of the second parties' purchase of the land, that if the said second parties are unable, through disaster or other cause, to meet the notes due January 1, 1921, January 1, 1922, and January 1, 1923, that he will extend the payment of the notes until January 1, 1924, with the condition that said second parties pay the interest due on all of said notes on the first day of January of each year that they become due. They agree in said notes to pay the interest annually on all of said notes then due and outstanding; and if they pay the interest promptly on the whole amount and are unable to pay the principal of each or all of said notes on January 1, 1921, 1922, and 1923, he extends the payment of the notes to January 1, 1924." This agreement was signed by the plaintiff.

On September 21, 1921, the trial judge granted a rule nisi requiring the defendants to show cause, on November 7, 1921, why the prayers of the petition should not be allowed. It was further ordered that, until the hearing and the further order of the court, G. M. Walton be appointed receiver to take charge of the land and the crops thereon and to gather and dispose of them as the court might order and direct. The defendants filed a petition praying

that the injunction and receivership be dissolved after ten days notice. Upon the introduction of the pleadings and the evidence on October 24, 1921, the trial judge made the following order: ". . It appearing that H. H. Wilson, H. L. Allen, W. B. Allen, the defendants in said case, delivered to the said Phil Rosenberg a sufficient amount of baled cotton which when sold paid the accrued interest and the balance of the due principal on the notes held by said Phil Rosenberg against said parties, and that no further interest was due on the purchase-money notes given for the lands until January 1st, 1922; and it further appearing that the said Phil Rosenberg had, by an agreement subsequent to the giving of the bond for titles in said land transaction, agreed to extend the payment of the note that might fall due on January 1st, 1921, and said receiver and injunction having been based upon the fact that said interest and note was past due, and that the defendants were fraudulently disposing of the crops on said lands: It is therefore ordered and adjudged that the receiver George M. Walton, the sheriff of Wilkes County, heretofore appointed for the said parties on September 21st, 1921, be and he is hereby dismissed, and said receivership is dissolved, and the receiver appointed in said case is ordered to release the property seized to the defendants or their duly authorized agents. It is further ordered that the plaintiff pay all costs that may have been incurred by reason of said receivership." Thereafter the plaintiff moved to reopen the case and vacate or modify the order of October 24, 1921; and the case coming on for a second hearing by consent of all parties, and further testimony having been submitted, on January 10, 1922, the court passed the following order: " It is the opinion of the court that there is no necessity for a continuance of said temporary receivership and restraining order heretofore granted, and that the same were granted upon the motion alone of plaintiff, and said grant of same was improvident; and therefore, the order appointing said receiver and granting said restraining order having been heretofore dissolved, and it appearing that no sufficient cause has been shown to change the previous order of this court, said order is continued in force. It being made to appear on this hearing that the said temporary receiver in said case expended the sum of $382.20 in gathering, collecting, and taking care of the property named in plaintiff's petition, and that said expense was caused by

plaintiff's improvidently obtaining said receivership, it is ordered that said receiver, George M. Walton, do have and recover of the plaintiff Phil Rosenberg the sum of $382.20 as costs expended by said receiver in the discharge of his duties as said receiver. Let execution issue for said amounts in favor of George M. Walton, receiver, against said Phil Rosenberg. It appearing that there is no reason why said receiver should be required to wait until said case is finally disposed of, to be reimbursed said actual costs by him expended in the performance of his duties as said receiver."

This order was excepted to as being contrary to law, and for the reason that the trial judge should not have dismissed the receiver and should have appointed one under the facts of the case. Error was further assigned on the ground that the judgment is excessive and without evidence to support it for costs; and for the further reason that if a receiver were appointed for the preservation of the crop and the gathering of it, the plaintiff should not have been called upon to pay the whole amount, but it should have been divided between the parties; and further, because the evidence showed that there was a certain amount of money due plaintiff at the time of bringing this suit, that the place in controversy was deserted and the buildings being removed, and the defendants had refused to agree to the occupancy of the land; and that they were insolvent.

*Colley & Colley,* for plaintiff.    *C. E. Sutton,* for defendants.