## DUKE *v.* DUKE.

No. 10890.   August 9, 1935.

*E. O. Dobbs,* for plaintiff in error. . *H. J. Kennedy,* contra.

Hutcheson, Justice.   William James Duke brought habeas corpus proceedings before the ordinary of Lamar County, against his wife, Mrs. Dora Duke, seeking to obtain the custody of their minor child.   This habeas corpus petition was filed and served on March 3, 1935, together with an order to produce the body of the minor child on March 8, 1935.   On March 7, 1935, Mrs. Dora Duke filed. in the superior court of Lamar County her petition against her husband for divorce on the ground of cruel treatment, for temporary and permanent alimony, and custody of said child.   In such petition she alleged that she had been served with the habeas corpus papers; and she prayed, besides the usual prayers, that she be granted an order restraining her said husband from proceeding with such habeas corpus in the court of ordinary, and for the writ of ne exeat.   Upon presentation, the judge passed the following order:   "State of Georgia, Lamar County.   The within and foregoing having been presented and read, same is allowed filed.   It is considered, ordered, and adjudged that the defendant be and he is hereby restrained and enjoined as prayed.   Further ordered that the defendant show cause before me, at 10:00 a.m. on the 23rd day of March, 1935, at Forsyth, Georgia, why he should not pay tem-

porary alimony and attorney's fees pending this litigation. Further considered, ordered, and adjudged that he show cause before me at the same time and place why he should not be permanently restrained and enjoined as prayed. Ordered that he give good and sufficient bond in the amount of $250.00, conditioned on his personal appearance in court when required by its order, and in default thereof that he be by the sheriff of this county confined to the county jail until further order of the court. Let the defendant be served personally with a copy of this petition and order."

The defendant husband filed answer and demurrer, and upon a hearing the following order was passed: "Upon a hearing at chambers, this day, the within demurrer is overruled and the hearing ordered to proceed. May 4th, 1935." Later on the same day the following order was passed: "The within case coming on for hearing, it is ordered that the habeas corpus proceeding be enjoined until the further order of the court; and that defendant pay to plaintiff for use of their children the sum of $2.50 per week until the further order of this court; and that the temporary custody of the issue of said marriage be awarded to the plaintiff, with the provision that the defendant have a right to visit said children or have them visit him for week ends, twice each month, alternating." To the last two orders the defendant excepted. In reaching a correct finding in the present case, we consider it necessary to determine three questions: (1) Can a court of equity enjoin a court of concurrent jurisdiction in a habeas corpus proceeding? (2) Were the rulings made by the court on demurrer erroneous? (3) Did the court err in awarding custody of the minor child to the wife?

According to the statutes of Georgia, the ordinary and the judge of the superior court have equal and concurrent jurisdiction in a habeas corpus proceeding between husband and wife and over the custody of children. Code of 1933, § 50-103. Habeas corpus is a common-law remedy, and is neither a statutory nor equitable remedy. It has been held that a judge of a city court may grant the writ. *Simmons* v. *Georgia Iron & Coal Co.*, 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739). We also recognize the principle that where law and equity have concurrent jurisdiction, the court first taking will retain it, unless a good reason can be given for the interference of equity. Code of 1933, § 37-122. *Morrison* v. *McFarland*, 147 *Ga.* 465 (94 S. E. 569). But where, as in the

instant case, the questions of divorce, alimony, and custody of children are involved, the superior court would have jurisdiction; and the judge of that court did not err in considering all the questions together, and in enjoining the habeas corpus proceedings in the court of ordinary. It has been held by this court that the superior court could even disregard a final judgment rendered in such a habeas corpus proceeding. *Zachry* v. *Zachry*, 140 *Ga.* 479 (79 S. E. 115)..

■ Error is assigned on the ruling of the court upon the demurrer to the plaintiff's petition. The allegations set out in paragraphs 4 and 5 of the petition are as follows: "That just prior to the separation defendant did cruelly strike and beat this petitioner with his hands and fists, and did otherwise cruelly treat and abuse petitioner." "Petitioner shows that she tried to make defendant a faithful and affectionate wife; and that notwithstanding this, that on numerous occasions and at different times and places he would strike and beat petitioner, and on two occasions he threatened to take her life, once with a knife and once with a hammer; and that such treatment of defendant made it impossible for her to continue to live with defendant, and because of such treatment they separated as above set forth." There was no merit in the demurrers, and the court did not err in overruling them.

■ The case is governed by sections 2971-2980 of the Code of 1910 (Code of 1933, §§ 30-127, 30-128, 30-129, 50-121), and these must be considered conjunctively. In a habeas corpus proceeding the contending parties are pressing their own claims, and the welfare and best interests of the children are only subsidiary, while in a court of equity the welfare of the child is paramount. In fact, where children of tender years are concerned their welfare is the paramount issue, and, as often stated, they really become the "wards of the court." In divorce cases, where the domestic relations are severed, the future of the children should and does appeal most strongly to the humanity and conscience of the judge, and it is wise that he be given supervisory control over their custody, and that his discretion be not fettered by proceedings or by any judgment based only upon private grievances for which the child is not to blame. As stated in *Zachry* v. *Zachry,* supra, it was the purpose of the legislative branch of our government to take the proceeding to determine the custody of children, pending divorce

litigation, out of the operation of any pending habeas corpus proceeding, and to confer upon the judge plenary power for the exercise of a sound discretion in safeguarding the future of the children by awarding their custody to the proper parties. The judge did not err in passing the order complained of.

*Judgment affirmed. All the Justices concur.*