## SHIPPS *v.* SHIPPS.

Nos. 12170, 12183. JULY 13, 1938.

*Carlisle & Bootle,* for plaintiff.

*J. E. Hall, C. J. Bloch,* and *Ellsworth Hall Jr.,* for defendant.

PER CURIAM. 1. Whether or not the instant proceeding involving the custody of children of divorced parents should be considered as governed by the law applicable to awarding custody of children in a divorce case or by the law applicable to such custody

in a habeas-corpus case, the paramount question for determination was the best interest and welfare of the children, after consideration of all the facts and circumstances, including the natural and legal rights of the parents. In either view the trial judge was vested with a discretion to award custody to a third person, provided it appeared that such disposition was to the best interest of the children. Code, §§ 30-127, 50-121, 74-107; *Miller* v. *Wallace,* 76 *Ga.* 479 (2 Am. St. R. 48); *Monk* v. *McDaniel,* 116 *Ga.* 108 (42 S. E. 360); *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282); *Zachry* v. *Zachry,* 140 *Ga.* 479 (79 S. E. 115); *Milner* v. *Gatlin,* 143 *Ga.* 816 (85 S. E. 1045, L. R. A. 1916B, 977); *Hammond* v. *Murray,* 151 *Ga.* 816 (108 S. E. 203); *Phillips* v. *Phillips,* 161 *Ga.* 79 (129 S. E. 644).

2. Under the evidence adduced in the instant case, however, the same being a contest between divorced parents for custody of their children, the judge abused his discretion in awarding custody of the minor sons to one who was not a guardian, and who was not related in any manner to such children.

3. Under the evidence, there was no abuse of discretion in awarding custody of the minor daughter to the mother.

*Judgment reversed in case No. 12183; reversed in part in case No. 12170. All the Justices concur, except*

ATKINSON, Presiding Justice, and BELL, Justice, dissenting in part. Under the facts and circumstances shown by the evidence, and in view of the fact that, although the trial judge found that both parents were morally fit, it further appeared that in addition to the fact that the parents were divorced there existed strife and bitterness between them regarding certain matters which might be of importance to the children, and in view of the principle of law that upon any subsequent change of condition material to the welfare of the children the judgment entered in this proceeding regarding their custody would be subject to change and modification with the view to their interest and welfare as then appearing, it can not be said as a matter of law that the judge abused his discretion in this case in awarding the custody of the three boys to a third person in whose custody they had been temporarily placed under a previous order of the court, and who according to the evidence was a fit and proper person to retain such custody. *Williams* v. *Crosby,* 118 *Ga.* 296 (supra); *Milner* v. *Gatlin,* 143 *Ga.*

816 (supra) ; *Lockhart* v. *Lockhart,* 173 *Ga.* 846 (162 S. E. 129). Accordingly, we dissent from the ruling of the majority as stated in the second note, and from the judgments so far as they reverse the judgments of the trial court. We concur in the rulings stated in the first and third notes, and in the affirmance of the judgment awarding custody of the minor daughter to the mother.