# 72

## HOLEMAN v. FEDERAL LAND BANK OF COLUMBIA et al.

No. 12313. NOVEMBER 17, 1938.

C. G. Battle, for plaintiff.

Stanford Arnold, J. W. Weaver, and A. Sidney Camp, for defendants.

RUSSELL, Chief Justice. A petition in which injunction was sought against a sale of described lands under power of sale in a security deed, with an alternative prayer for judgment against one of the defendants for the value of such land, was presented to the judge of the superior court. Sanction was refused. The petition was filed. Thereafter one of the defendants presented to the judge a motion alleging that the plaintiff had filed her petition in contempt of court and contrary to the terms of a restraining order theretofore issued by the court, and that said petition thus filed set out the same facts and sought to recover the same land involved in previous litigation in said court. Movant prayed that the plaintiff show cause why she should not be attached for contempt, and "further why suit hereinbefore set out should not be dismissed by order of the court." The judge issued a rule nisi on this motion. The plaintiff demurred to the motion, and the demurrer was overruled. At interlocutory hearing before the term of court to which the equitable suit was returnable, the defendant introduced evidence, consisting of court records in previous litigation between the same parties. The court denied the prayer that the plaintiff be attached for contempt, but ordered that her petition be dismissed. The plaintiff excepted.

1. Though parties to proceedings for equitable relief may, by consent, dispose of all equity cases at the first term, if service has been perfected (Code, § 37-1102), there is no provision of law authorizing a judge on consent of the parties to render judgment upon a plea of res judicata at an interlocutory hearing before the return term. See Union Investment Co. v. Engesser, 151 Ga. 695 (107 S. E. 861); Rosenberg v. Wilson, 154 Ga. 625 (115 S. E. 7); Ward v. Parks, 166 Ga. 149 (142 S. E. 690); Wilder v. Thomp-

*son,* 169 *Ga.* 812 (151 S. E. 806) ; *Meena* v. *Piedmont Realty Co.,* 173 *Ga.* 844 (162 S. E. 144) ; *Rodgers* v. *First Mutual Building & Loan Asso.,* 179 *Ga.* 147 (175 S. E. 477), and cit.

2. The motion filed by the defendant in this case was not, and did not purport to be, a demurrer; and the court did not so treat it. In so far as this motion sought dismissal of the petition, it was in substance and effect a plea of res judicata.

*Judgment reversed. All the Justices concur.*