### AVERA *v.* TRAPNELL.

BELL, Justice. 1. In the instant suit for the writ of habeas corpus, instituted by the mother of a boy of nine years, against his paternal step-grandmother to whom the child had been awarded at the age of eighteen months in previous litigation between the child's parents, the judge, under the pleadings and the evidence, did not abuse his discretion in again awarding the child to the paternal step-grandmother; and this is true notwithstanding after such award of custody to the step-grandmother a divorce suit was instituted by the mother against the father in the State of Florida, and the final decree therein purported to award custody to the mother, the child being at the time in the State of Georgia still in the legal custody of the same step-grandmother, and not within the jurisdiction of the court rendering the decree. *Shipps* v. *Shipps*, 186 *Ga.* 494 (198 S. E. 230).

2. Whether, in the circumstances, the part of the Florida decree purporting to award custody of the child to his mother might be treated as valid in a subsequent proceeding between the mother and the father, both of whom are still living, it would have no effect as between the mother and the step-grandmother, who had custody of the child in Georgia and was not a party to such decree. *Brandon* v. *Brandon*, 154 *Ga.* 661 (115 S. E. 115); *Elliott* v. *Elliott*, 181 *Ga.* 545 (182 S. E. 845).

3. Under the evidence as to relative fitness of the parties and the welfare and protection of the child, and in view of other distinguishing facts, the judgment under review is not erroneous as contrary to the decision in *Chapin* v. *Cummings*, 191 *Ga.* 408 (12 S. E. 2d, 312), but is supported by principles of law there stated and recognized.

*Judgment affirmed. All the Justices concur.*

No. 13911. OCTOBER 16, 1941.

*Hugh R. Kimbrough,* for plaintiff.
*Anderson & Trapnell,* for defendant.