### 31993. HODGES *v.* HODGES.

DECIDED MAY 8, 1948.

*Stonewall H. Dyer, Victor K. Meador,* for plaintiff in error.
*Robert T. Speer, F. L. Breen, S. L. Mascotti,* contra.

SUTTON, C. J. It appears from the record in this case that, Honorable Bond Almand, Judge of the Superior Court of Fulton County, on February 21, 1947, in the case of C. W. Hodges v. Mrs. M. J. Hodges, the same being a pending suit for divorce "ordered and decreed that the custody, control and management of the two minor children, to wit: Paul M. Hodges and Albert

Jackson Hodges, is hereby vested in the Juvenile Court of Fulton County with full power and authority in said court to place said children in such home or homes or institution that will be for their best interest, and the plaintiff is hereby directed and ordered to pay the amount of alimony awarded for the support of said minor children to the Juvenile Court of Fulton County or to such person or persons or institution that said juvenile court may direct. The plaintiff and defendant or their agents are jointly and severally restrained and enjoined from interfering in any manner with the custody of said minor children or with any person or institution wherein said children may be placed, and the defendant is hereby ordered upon demand or request of the Juvenile Court of Fulton County, or its proper officer or agent, to deliver the possession and custody of said minor children and their personal effects to said court."

On August 9, 1947, C. W. Hodges made application by petition to the judge of the Juvenile Court of Fulton County, requesting that court to exercise the rights and powers, as well as the other terms and conditions embodied in the above order of the judge of the superior court, so that the welfare, benefits, education and other privileges due the two minor children would be properly preserved. After a hearing on this application, on August 19, 1947, the judge of the juvenile court found that the mother, who then had possession of the children, was not a fit and proper person to have the custody of them, and ordered that they be taken into custody of the juvenile court for placement; and then ordered that they be temporarily committed to the Atlanta Child's Home until further arrangements could be made for their education and care.

Mrs. Josie (Mrs. M. J.) Hodges filed her petition in the Superior Court of Fulton County for a writ of certiorari, in which she excepted to the order and judgment of the judge of the juvenile court as being contrary to law and without evidence to support it.

After a hearing on the certiorari, on January 7, 1948, a judge of the Superior Court of Fulton County dismissed the certiorari proceeding and ordered that the judgment of the juvenile court regarding the custody of the two minor children be made the

judgment of the Fulton Superior Court. To this judgment Mrs. Josie Hodges excepts to this court.

■ In suits for divorce, the statute confers on the presiding judge a supervisory control, with respect to the custody of the minor children, and in the exercise of sound and wise discretion he may award their custody even to a stranger. Code §§ 30-127, 30-206; *Zachry* v. *Zachry*, 140 *Ga.* 479 (79 S. E. 115). "In fact, where children of tender years are concerned their welfare is the paramount issue, and, as often stated, they really become the 'wards of the court.' In divorce cases, where the domestic relations are severed, the future of the children should and does appeal most strongly to the humanity and conscience of the judge, and it is wise that he be given supervisory control over their custody, and that his discretion be not fettered by proceedings or by any judgment based only upon private grievances for which the child is not to blame." *Duke* v. *Duke*, 181 *Ga.* 21, 23 (181 S. E. 161); *Willingham* v. *Willingham*, 192 *Ga.* 405, 406 (1) (15 S. E. 2d, 514). As above stated, the judge of the superior court vested the custody and control of the two minor children here involved, whose ages are 6 and 8 years, in the Juvenile Court of Fulton County with full power and authority in said court to place these children in such home or homes or institution as will be for their best interest. In the case of *Slate* v. *Coggins*, 181 *Ga.* 17 (181 S. E. 145), the judge transferred the question of the custody of the minor child there involved to the Juvenile Court of Fulton County. With respect to juvenile courts, Code § 24-2402 provides, in part, "This Chapter shall apply to every child under 16 years of age, . . (d) Whose custody is the subject of controversy of any suit: Provided, however, that jurisdiction in such cases shall be vested in courts of record where the law now gives courts of record exclusive jurisdiction, and that said courts of record shall have concurrent jurisdiction in all other cases arising under this division of this section. The judge of any court, except as above provided, in which there is pending any suit in which there is involved the question of the custody of any child, shall refer and transfer by proper order said question of custody to the juvenile court to be heard and determined by it. (e) Whenever any such juvenile court shall have acquired jurisdiction of any child under 16 years of age, such jurisdiction

shall continue so long as, in the judgment of the court, it may be necessary to retain jurisdiction for the correction, or education of such child, but such jurisdiction shall terminate when such child shall attain the age of 21 years." The court may cause an investigation to be made by a probation officer, as was done in the present case, and then have a hearing (Code § 24-2404); may take the child into custody (§ 24-2405), and may then place the child (§ 24-2409).

The judge of the superior court had turned these two children over to the juvenile court to be placed in such home or institution as would be for their best interest and welfare, and the juvenile court judge had an investigation made by a probation officer with respect to said children and as to the circumstances and fitness of their parents or either of them to have the custody of the children. On the application of the father, C. W. Hodges, a hearing regarding the custody of these children was had before W. W. Woolfolk, Judge of the Juvenile Court, both parents being represented and the mother being present at the hearing, and the court found that the mother was not a fit and proper person to have the custody of the children and ordered that they be placed temporarily in the Atlanta Child's home, until further arrangements could be made for their education and care. In all cases where the custody of a minor child is involved the paramount consideration is the welfare and best interest of the child. The law vests a broad discretion in this respect both in the superior court judge and in the judge of the juvenile court, and, unless it appears that such discretion has been manifestly abused, their action in awarding the custody of a minor child will not be disturbed by the appellate court. See, in this connection, Code §§ 74-106, 74-107; *Shipps* v. *Shipps*, 186 *Ga.* 494 (198 S. E. 230). We are of the opinion that under the facts as disclosed by the record in this case, and the law applicable thereto, the order and judgment of the judge of the juvenile court was authorized, and we further hold that the judge of the superior court did not err ir dismissing the certiorari proceeding, and in making the judgment of the juvenile court the judgment of the superior court.

*Judgment affirmed. Felton and Parker, JJ., concur.*