## 27650. SHORT v. SHORT.

UNDERCOFLER, Justice. This appeal is from an interlocutory order rendered in a proceeding brought by Brenda Jones Short against Ellis Lynn Short seeking a divorce and custody of the child of the parties. The child had been awarded to the mother in a habeas corpus action instituted prior to the divorce action. The trial court found that there had been no material change affecting the child of the parties since the time the judgment in the habeas corpus proceeding was rendered. The father appeals to this court. *Held:*

The appellant contends that the trial court erred in finding that the award of the habeas corpus court was

res judicata and in considering evidence only as to whether a material change affecting the child had occurred since the habeas corpus award.

"In awarding the custody of the children, as related to a divorce action, it is furthermore true that, even though a previous judgment may have been rendered in a habeas corpus proceeding, the judge of the superior court is vested by the Code, § 30-127, with plenary powers, and 'shall not be hampered by any former decree or judgment in a habeas corpus case.' *Zachry v. Zachry,* 140 Ga. 479 (79 SE 115); *Duke v. Duke* [181 Ga. 21 (181 SE 161)]. Accordingly, where, after the custody of a child has been awarded to the mother in a habeas corpus proceeding before the ordinary, she thereafter brings suit for divorce, and in her petition asks, as a part of that proceeding, that the custody of the child be awarded to her, and where in that proceeding a divorce is granted to her, the judge of the superior court which grants the divorce has plenary powers over the custody of such child (*Black v. Black,* 165 Ga. 243 (4) (140 SE 364)), and may in the exercise of a sound discretion make an award thereof, under the authority conferred by the Code, § 30-127, independently of, and unfettered by, any prior judgment or award under the habeas corpus proceeding." *Ponder v. Ponder,* 198 Ga. 781 (2) (32 SE2d 801).

It follows that the ruling of the trial court was error.

*Judgment reversed. All the Justices concur.*

Submitted January 8, 1973—Decided February 8,1973.

*Blalock & Fowler, Larry Fowler,* for appellant.
*John N. Crudup,* for appellee.